| | |
|---|---|
| SEDGWICK LLP<br>MARK J. HANCOCK  SBN 160662<br>mark.hancock@sedgwicklaw.com<br>REBECCA A. HULL  SBN 99802<br>rebecca.hull@sedgwicklaw.com<br>ERIN A. CORNELL  SBN 227135<br>erin.cornell@sedgwicklaw.com<br>333 Bush Street, 30th Floor<br>San Francisco, CA  94104-2834<br>Telephone:    415.781.7900<br>Facsimile:     415.781.2635<br><br>Attorneys for Plaintiff<br>METROPOLITAN LIFE INSURANCE COMPANY | THE LAW OFFICE OF FRANK J. CRUM<br>A Professional Corporation<br>FRANK J. CRUM  SBN 155125<br>frank@fjclegal.com<br>P.O. Box 2390<br>Woodland, CA  95776-2390<br>Telephone:    530.668.1515<br>Facsimile:     530.668.1651<br><br>Attorneys for Defendants<br>MICHAEL LITHGOW, JENISE K. LITHGOW, and SCHELENE LITHGOW |

WILLIAM L. DUNBAR  SBN 68849
dunbar@surewest.net
Attorney at Law
3430 American River Drive, Suite 100
Sacramento, CA  95864
Telephone:    916.485.4300
Facsimile:     916.484.7197

Attorney for Defendant
EDNA G. LOPEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                  Plaintiff,<br><br>     v.<br><br>MICHAEL LITHGOW, JENISE K. LITHGOW, SCHELENE M. LITHGOW, and EDNA LOPEZ,<br><br>                  Defendants. | Case No. 2:14-cv-01871 MCE-AC<br><br>**STIPULATION AND ORDER REGARDING DEPOSIT OF FUNDS WITH COURT, DISCHARGE OF STAKEHOLDER AND DISMISSAL OF ACTION WITH PREJUDICE** |

20196876v1

STIPULATION AND ORDER RE FUNDS AND DISCHARGE

Plaintiff Metropolitan Life Insurance Company ("MetLife"), defendant Michael Lithgow ("Michael"), defendant Jenise K. Lithgow ("Jenise"), defendant Schelene M. Lithgow ("Schelene"),[1] and defendant Edna Lopez ("Edna") hereby jointly submit the following Stipulation and [Proposed] Order for MetLife's deposit of funds with the Court into an interest-bearing account, pursuant to Federal Rule of Civil Procedure 67, and for the discharge of Metropolitan Life Insurance Company ("MetLife"), Pacific Gas and Electric Company Employee Welfare Plan 503 ("the Plan"), and Pacific Gas and Electric Company ("PG&E"):

WHEREAS, MetLife issued a group life insurance policy to Pacific Gas and Electric Company ("PG&E") to fund life and accidental death and dismemberment benefits under the Pacific Gas and Electric Company Employee Welfare Plan 503 ("the Plan"). The Plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*., and is sponsored by PG&E.

WHEREAS, Scot Lithgow ("the Decedent") was a participant in the Plan. At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of TEN THOUSAND DOLLARS ($10,000.00) and for Optional Life insurance coverage in the amount of TWO HUNDRED THIRTY SIX THOUSAND ($236,000.00) for a total of TWO HUNDRED FORTY SIX THOUSAND ($246,000.00) (the "Plan Benefits"). The Plan Benefits became payable upon the Decedent's death.

WHEREAS, the Decedent died on August 23, 2013.

WHEREAS, the Lithgow Defendants, on the one hand, and Edna, on the other hand, have competing claims for the Plan Benefits.

WHEREAS, MetLife is unable to determine the validity of the conflicting claims of the Lithgow Defendants and Edna, and therefore has not paid the Plan Benefits to either the Lithgow Defendants or to Edna.

WHEREAS, MetLife has no interest in the Plan Benefits.

---

[1] Michael, Jenise and Schelene are collectively referred to herein as "the Lithgow Defendants".

NOW, THEREFORE, MetLife, the Lithgow Defendants and Edna, through their respective counsel of record herein, hereby stipulate and respectfully request that the Court order that MetLife may deposit the Plan Benefits with the Court to await distribution as the Court may order.

It is additionally stipulated that, once the Plan Benefits have been deposited, MetLife shall be discharged from this action and dismissed with prejudice, with each party bearing their own attorneys' fees and costs with respect to MetLife's participation in the Action.

It is further stipulated that, once the Plan Benefits have been deposited, the Lithgow Defendants and Edna shall be restrained and enjoined from instituting or prosecuting, directly or indirectly, any claim or action of any type or kind in any state or federal court against MetLife, the Plan and/or PG&E, arising from or in any manner connected with the Plan Benefits and/or their respective claims for payment of some or all of such Plan Benefits.

IT IS SO STIPULATED, AGREED AND RESPECTFULLY REQUESTED:

DATED:  July 7, 2015            SEDGWICK LLP


                                By:  /s/ *Erin A. Cornell*
                                     Mark J. Hancock
                                     Erin A. Cornell
                                     Attorneys for Plaintiff
                                     METROPOLITAN LIFE INSURANCE COMPANY

DATED:  July 7, 2015            THE LAW OFFICE OF FRANK J. CRUM


                                By:  /s/ *Frank J. Crum* (as authorized on 7/2/2015)
                                     Frank J. Crum
                                     Attorney for Defendants
                                     MICHAEL LITHGOW, JENISE K. LITHGOW, and
                                     SCHELENE M. LITHGOW

DATED:  July 7, 2015            WILLIAM L DUNBAR, Attorney at Law


                                By:  /s/ *William L. Dunbar* (as authorized on 6/23/2015)
                                     William L. Dunbar
                                     Attorneys for Defendant
                                     EDNA G. LOPEZ

**ORDER**

Pursuant to the Stipulation above, it is ordered that:

1. Plaintiff Metropolitan Life Insurance Company ("MetLife") shall deposit TWO HUNDRED FORTY-SIX THOUSAND DOLLARS AND NO CENTS ($246,000.00) plus any applicable interest ("the Plan Benefits") with this Court into an interest-bearing account. MetLife shall deposit said funds within thirty (30) days of the electronic filing of this Order.

2. Upon deposit of the Plan Benefits with the Court, Plaintiff MetLife, the Pacific Gas and Electric Company Employee Welfare Plan 503, and Pacific Gas and Electric Company shall be discharged from any further liability for payment of the Plan Benefits, and MetLife will then be dismissed with prejudice from this action. Each party shall bear their own attorneys' fees and costs with respect to MetLife's participation in the action.

IT IS SO ORDERED.

Dated: July 8, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT